## HUBERT v. HIS CREDITORS.

Acts of pledge passed by the cashier of a bank in this State, are not required to be attested by witnesses, nor to be registered in the office of a notary, to have effect against third persons. C. C. 3126.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Burthe*, for the appellants. Art. 3126 of the Civil Code confers on cashiers of the banks of this State the powers of notaries in regard to acts of pledge. In the case of *Robinson* v. *Shelton*, 2 Rob. 279, the court held that the authority given by law to cashiers of banks to execute acts of pledge, confers on them only the powers of a notary in relation to those contracts, and that none of the essential forms can be dispensed with. Art. 3126 authorizes cashiers to execute authentic acts, but art. 2231 requires every authentic act to be executed in the presence of two witnesses. The two articles are not inconsistent.

*Grima, contrâ*, contended that acts of pledge passed before the cashiers in favor of the banks of this State, must be considered as acts under private signature; that acts of pledge *sous seing privé* are not required to be executed in the presence of two witnesses; and that acts of pledge passed before the cashiers of banks, if executed in conformity to acts 3125, 3126, are valid.

The judgment of the court was pronounced by

KING, J.* The syndic of *Hubert's* creditors presented a tableau of distribution of the insolvent's estate, in which he credited the Louisiana State Bank with $1000, to be paid by privilege and preference over other creditors, out of the proceeds of twelve shares of the stock of the bank, which had been pledged to secure the debt. *Andry* and others, who are creditors of the insolvent, in consequence of having paid a debt due by him to the United States, for which a judgment had been obtained, claim to be subrogated to the rights of the United States, and to be paid by preference over all other creditors. They opposed various items in the tableau, and among others the privilege allowed to the Louisiana State Bank, alleging that the act of pledge under which it is claimed, is void for the want of proper forms. By the proposed distribution, the entire estate of the insolvent was absorbed by debts due by privilege and mortgage, entitled to a preference over that of the opponents. Most of the former were reduced by consent in the court below, leaving a residue to be applied to the claim of the opposing creditors, but insufficient to satisfy it. Effect however was given to the pledge in favor of the bank, and the privilege resulting from it allowed. Of this the appellants complain. The only question therefore presented is, as to the legality and effect of the act of pledge, under which the privilege was given.

The act was passed by the cashier of the bank, is not attested by witnesses, and has not been registered in the office of a notary. The appellants contend that the article of the Code which authorizes cashiers to pass acts of pledge, confers on them notarial powers for that purpose, and that their acts must be clothed with all the forms of authentic acts. The 3125th article of the Code provides that, the privilege resulting from a pledge shall only take effect against

---

* SLIDELL, J., having been of counsel in this case, did not sit on its trial.

third persons, when the pawn is proved by an act, either in public form or un-
der private signature; provided that, in the latter event, it be duly registered in
the office of a notary.   The succeeding article establishes an exception in favor
of the banks of the State, and makes acts of pledge passed by their cashiers
authentic proof, when they contain the required certainty of description of the
object given in pledge.  Civ. Code, art. 3126.   This article confers no notarial
powers.   Its object is to dispense with a public act, and with the registry of
private acts of pledge passed by cashiers to give them effect in favor of banks
against third persons.   Such acts when passed by cashiers are private acts in
their form, to whose validity the attestation of witnesses is not essential; but
against third persons they produce the effect of public instruments, without
registry.

We do not understand that this interpretation conflicts with the decision in
the case of *Robinson's syndic* v. *Shelton*, 2 Rob. 279, relied on by the appellants.
The act of pledge was not held in that case to be void, because it was passed
by the cashier unassisted by witnesses.   Its invalidity was expressly put upon
the ground that, the obligation pledged was not indorsed by the pledgor, and
was not shown to have been placed in the possession of the pledgees.

The judge did not, in our opinion, err in allowing a privilege to the bank on
the stock pledged.                                    *Judgment affirmed.*